THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LARENZ KEON PROCTOR,<br><br>                         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                         Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [1] MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:23-cv-00370-DBB<br><br>District Judge David Barlow |

The matter before the court is Petitioner Larenz Keon Proctor's ("Mr. Proctor") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1] Mr. Proctor moves the court to reduce his sentence.[2] The court denies the motion without a hearing[3] for the reasons below.

## BACKGROUND

In October 2018, a grand jury indicted Mr. Proctor for seven violations of 18 U.S.C. § 924(c) and eight counts of Hobbs Act robbery.[4] He pled guilty to all Hobbs Act robbery counts and one § 924(c) violation.[5] In his statement in advance of plea, Mr. Proctor agreed to waive his right to challenge the sentence "in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of

---

[1] Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Mot. to Vacate"), ECF No. 1, filed June 5, 2023.

[2] *Id.* at 12.

[3] Generally, a hearing is required only if there is a genuine factual dispute. *See United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019) (citing *Machibroda v. United States*, 368 U.S. 487, 494–95 (1962)). If the record "conclusively show[s] that the prisoner is entitled to no relief[,]" then a hearing is unnecessary. § 2255(b).

[4] Indictment, ECF No. 1, *United States v. Proctor*, No. 2:18-cr-00480 (D. Utah filed Oct. 24, 2018) ("Crim. Case").

[5] ECF No. 31, Crim. Case.

ineffective assistance of counsel."[6] On November 20, 2019, the court accepted his plea and entered judgment five days later.[7] The court sentenced Mr. Proctor to 144 months in prison.[8]

Mr. Proctor filed his § 2255 motion on June 5, 2023.[9] He explains he did not previously appeal his sentence because he "was told that [he] could not appeal."[10] Supporting his request for a sentence reduction, he contends his "sentence was wrongly [i]nduc[ed] because [of] the change of the law . . . for 924c."[11] He argues the one-year statute of limitations does not bar his motion because he "was sentence[d] than [sic] the law change[d] about a year ago . . . ."[12] The government filed a response on July 6, 2023.[13]

## STANDARD

A federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[14] The prisoner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"[15] "The standard of review under § 2255 is quite stringent."[16] A motion under 28 U.S.C. § 2255 is a collateral challenge; it is not a substitute for a direct appeal.[17] "[A]n error that may justify reversal on direct appeal will not necessarily support

---

[6] Statement in Advance of Plea 7, at ¶ 12(e)(2), ECF No. 32, Crim. Case.
[7] ECF No. 44, Crim. Case.
[8] *Id.*
[9] *See* Mot. to Vacate.
[10] *Id.* at 3.
[11] *Id.* at 4
[12] *Id.* at 11.
[13] Resp. to Pl. § 2255 Mot. to Vacate Sentence ("Resp."), ECF No. 5.
[14] 28 U.S.C. § 2255(a).
[15] *Id.*
[16] *Palmer v. United States*, No. 2:16-cv-00987, 2017 WL 1533447, at *1 (D. Utah Apr. 27, 2017) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).
[17] *Frady*, 456 U.S. at 165.

a collateral attack on a final judgment."[18] Courts typically grant relief where a court entered "convictions and sentences . . . without jurisdiction," "the sentence imposed was outside of the statutory limits," "a constitutional error occurred," or "a non-constitutional error of law or an error of fact occurred that constituted a fundamental defect which inherently resulted in a complete miscarriage of justice[.]"[19] As Mr. Proctor proceeds pro se, the court "construe[s] his arguments liberally."[20] But the court does not act as his advocate.[21]

## DISCUSSION

Mr. Proctor faces three procedural hurdles. He filed his § 2255 motion over three years after his sentencing. He did not file a direct appeal. And he agreed to waive his right to challenge the sentence. The court addresses each issue in order.

### I.   The Statutory Limitations Period Bars Mr. Proctor's Motion.

Section 2255 imposes a one-year statute of limitations. It runs from the latest of four start dates: (1) when the "judgment of conviction becomes final"; (2) "the date on which the impediment to making a motion created by government action . . . is removed . . . if the [petitioner] was prevented from making a motion"; (3) when the Supreme Court recognizes a new right and makes it retroactive; or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[22] "The most common start date . . . is 'the date on which the judgment of conviction becomes final.'"[23] "[A]

---

[18] *United States v. Addonizio*, 442 U.S. 178, 184 (1979).
[19] *Fields*, 949 F.3d at 1246 (quoting *Addonizio*, 442 U.S. at 185–86).
[20] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).
[21] *Luo v. Wang*, No. 22-1200, 2023 WL 4307475, at *1 (10th Cir. July 3, 2023).
[22] 28 U.S.C. § 2255(f).
[23] *United States v. Anthony*, 25 F.4th 792, 795 (10th Cir. 2022) (quoting § 2255(f)(1)).

judgment becomes final when the defendant's time to file a direct appeal expires or when there is no further avenue for direct appeal[.]"[24]

Mr. Proctor did not file a direct appeal. As such, his conviction was final after the court entered judgment of conviction and the time to appeal lapsed. The court entered judgment on November 25, 2019.[25] The Federal Rules of Appellate Procedure allowed him fourteen days to file a notice of appeal.[26] Thus, the conviction became "final" on December 9, 2019. But Mr. Proctor filed his motion about three and a half years later, well beyond the one-year limitations period.[27] The only other possible start date pertains to the third option. Assuming for argument's sake that Mr. Proctor asserts his conviction under 18 U.S.C. § 924(c) should be vacated under *United States v. Davis*,[28] and that he had a valid legal basis for doing so,[29] the Supreme Court decided *Davis* on June 24, 2019.[30] Mr. Proctor would still have filed his motion too late.

A petitioner might possibly avoid a time bar under equitable tolling. "Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'"[31] It "would be appropriate, for example, when a prisoner is actually innocent, when an

---

[24] *Id.*

[25] ECF No. 44, Crim. Case.

[26] Fed. R. App. P. 4(b)(1)(A).

[27] Mr. Proctor had until December 9, 2020 to file. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (adopting the "anniversary date" for § 2255(f)'s one-year limitations period).

[28] 139 S. Ct. 2319, 2336 (2019) (holding that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague).

[29] Such a claim would be suspect. Mr. Proctor's § 924(c) conviction pertains to completed Hobbs Act robbery. *See* Indictment. Post-*Davis*, the Tenth Circuit has affirmed Hobbs Act robbery is a crime of violence and thus not foreclosed by *Davis*. *See United States v. Baker*, 49 F.4th 1348, 1356 (10th Cir. 2022) (citing *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018)); *see, e.g.*, *United States v. Thomas*, No. 16-cr-10034, 2020 WL 5981687, at *4 (D. Kan. Oct. 8, 2020) (discussing why *Davis* did not bar a defendant's conviction for completed Hobbs Act robbery).

[30] *See Davis*, 139 S. Ct. 2319.

[31] *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period[.]"[32] But "equitable tolling . . . do[es] not extend to what is at best a garden variety claim of excusable neglect."[33]

Here, Mr. Proctor's motion alleges no extraordinary or uncontrollable circumstances. He merely claims he "was misguided" when "told that [he] could not appeal" and the "law change[d] about a year ago[.]"[34] These bare assertions are not enough to justify equitable tolling.

## II.   The Failure to File a Direct Appeal Bars Mr. Proctor's § 2255 Motion.

The second hurdle applies when a petitioner fails to appeal. "When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless [1] he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or [2] can show that a fundamental miscarriage of justice will occur if his claim is not addressed."[35] "The fundamental miscarriage of justice exception to procedural default is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent."[36]

Mr. Proctor did not file a direct appeal. Accordingly, he must show actual prejudice that resulted from his procedural default or fundamental injustice. Even read generously, the motion alleges neither. Mr. Proctor makes no claim of factual innocence.[37] At best, he hints that

---

[32] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted).
[33] *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).
[34] Mot. to Vacate 3.
[35] *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (cleaned up).
[36] *Id.* (cleaned up).
[37] *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

someone offered him bad advice.[38] "A defendant may establish cause for procedural default by showing he received ineffective assistance of counsel."[39] But even liberally construed, the motion lacks any mention of ineffective assistance of counsel. For these reasons, Mr. Proctor's claim is procedurally barred.

### III.   Mr. Proctor Knowingly and Voluntarily Waived His Right to File a § 2255 Motion.

The final hurdle arises from Mr. Proctor's plea agreement. To determine whether to enforce a waiver, the court considers "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[40] Courts "'strictly construe' the waiver and read any ambiguities 'against the Government and in favor of a defendant's appellate rights.'"[41]

Mr. Proctor's § 2255 motion falls squarely within the waiver provision. And the court can find no evidence Mr. Proctor unknowingly or involuntarily waived his rights.[42] The signed agreement indicates Mr. Proctor "knowingly, voluntarily, and expressly waive[d] [his] right to appeal any sentence . . . ."[43] He understood and agreed "that the word 'sentence' appearing throughout th[e] waiver provision [wa]s being used broadly and applie[d] to all aspects of the [c]ourt's sentencing authority[.]"[44] He also "knowingly, voluntarily, and expressly waive[d] [his]

---

[38] *See* Mot. to Vacate 3 ("I was misguided[.] I was told that I could not appeal.").
[39] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).
[40] *United States v. Loumoli*, 13 F.4th 1006, 1007 (10th Cir. 2021) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam)).
[41] *Id.* (quoting *Hahn*, 359 F.3d at 1325).
[42] *See* Statement in Advance of Plea 9 ("My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.").
[43] Statement in Advance of Plea 7, at ¶ 12(e)(1).
[44] *Id.* ¶ 12(e)(4).

right to challenge [the] sentence . . . in any collateral review motion, . . . including . . . a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel."[45] As discussed above, Mr. Proctor's motion does not assert ineffective assistance of counsel. The court also found that Mr. Proctor entered the plea "freely and voluntarily with full knowledge of his legal rights and the consequences."[46]

Enforcing the waiver will not result in an injustice. A miscarriage of justice arises "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful."[47] The list "is exclusive[.]"[48] Mr. Proctor's bare bones motion alleges no facts supporting any of these theories. The waiver bars his § 2255 motion.

In sum, Mr. Proctor's motion is time-barred and procedurally barred. The court therefore need not reach the merits of the petition.[49]

## IV.   The Court Does Not Issue a Certificate of Appealability.

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[50] To merit a certificate, the prisoner must make "a substantial showing of the denial of a constitutional

---

[45] *Id.* ¶ 12(e)(2).

[46] ECF No. 31, Crim. Case.

[47] *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1216 (10th Cir. 2008) (citation omitted).

[48] *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008).

[49] The court notes that Mr. Proctor's vague assertions of having been "told that [he] could not appeal" and the law having "changed for 924(c)" would likely be insufficient to prevail on the merits. *See Moreno v. United States*, No. 2:08-cv-00861, 2009 WL 10706011, at *2 (D. Utah Feb. 5, 2009) ("The Tenth Circuit has held that conclusory allegations without supporting facts are insufficient to support a claim raised under Section 2255." (citing *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994))).

[50] Rules Governing § 2255 Proceedings for the U.S. Dist. Cts., R. 11(a) (Eff. Feb. 1, 1977, as amended Jan. 5, 2023).

right."[51] "Such a showing is made only where a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."[52] Mr. Proctor's motion does not suggest any plausible denial of his constitutional rights. As a result, the court will not issue a certificate of appealability.

### ORDER

For the foregoing reasons, the court DENIES Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[53] A Certificate of Appealability is DENIED.


Signed July 13, 2023.

BY THE COURT

_____

David Barlow
United States District Judge

---

[51] 28 U.S.C. § 2253(c)(2).
[52] *Pinson*, 584 F.3d at 975 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[53] ECF No. 1.